IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-595 |
| | § | C.A. No. C-07-477 |
| JEFFREY DAVID REBER, | § | |
| | § | |
|     Defendant/Movant. | § | |

**ORDER GRANTING MOTION FOR EXTENSION AND**
**GRANTING MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE**

Pending before the Court is Movant Jeffrey David Reber's ("Reber") motion for extension of time to file a reply to the United States' response and motion to dismiss his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 40.) In the same document, he also requests copies of the plea and sentencing transcripts in his case at government expense.

The government's response and motion to dismiss were filed on February 15, 2008 and indicate that they were served on Reber via mailing on the same date. (D.E. 39 at 16.) The Court's response order gave 30 days for Reber to file his reply. (D.E. 32 at 2.) With three additional days added for service by mail pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, Reber currently has until March 19, 2008 to file his reply.

In his motion for extension, Reber asks the Court to allow him a 45-day extension to file his reply. It is not clear whether he seeks forty-five days from the date of service or an additional 45 days in addition to the 30 days he is already allotted. The Court grants Reber a two-week extension of time to file his reply, or until April 2, 2008. This two-week extension will not prejudice the government nor unduly delay this casem but should provide ample time for Reber to prepare his

1

reply. Accordingly, Reber's motion for extension is GRANTED. Reber shall file his reply not later than April 2, 2008.

Reber also requests that the Court provide him with copies of his rearraignment and sentencing transcripts at government expense. Both of these transcripts are already on file with the Court, although the transcript of the sentencing hearing is under seal. The government refers to both transcripts in its motion, and relies upon both in asking the Court to deny Reber's § 2255 motion. The Court thus finds that Reber should be given copies of the transcripts in order to refer to them in preparing his reply. See 28 U.S.C. § 753(f). Accordingly, Reber's motion for transcripts is GRANTED. The Clerk is directed to provide a copy of the rearraignment and sentencing transcripts (D.E. 35, 36) to Reber free of charge.

Because the sentencing transcript is currently under seal, the Clerk is directed to unseal the sentencing transcript for the purpose of providing a copy for Reber, and the transcript shall then be resealed. The Court further orders that the sentencing transcript shall be treated by the Bureau of Prisons in the same manner, and with the same security procedures and restrictions, as a Presentence Investigation Report ("PSR"). For example, if a PSR is permitted to be viewed by an inmate only under certain circumstances, then Reber may view his sealed sentencing transcript only under the same circumstances. To help ensure that these directives are carried out, the Clerk is further directed to send a copy of the transcript *not to Reber*, but only to his Case Manager at his current place of incarceration, along with a copy of this Order. Further, the transcript shall be in an envelope that clearly indicates it is sealed material. Reber is to receive *only* a copy of this Order with the unsealed rearraignment transcript, and not the sentencing transcript. He may access the sealed sentencing transcript by contacting his Case Manager at his current place of incarceration.

## **CONCLUSION**

For the reasons set forth above, Reber's motion for extension and motion for transcripts at government expense are GRANTED. Reber has until April 2, 2008 to file his reply. Additionally, the Clerk is directed to provide Reber with copies of his rearraignment transcript and, pursuant to the instructions herein, a copy of the sealed sentencing transcript to Reber's Case Manager.

It is so ORDERED this 4th day of March, 2008.

_____
Janis Graham Jack
United States District Judge